UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: DAWN MARIE DAVIDE,   No. 24-11223-j7

    Debtor.

---

BRIAN McCUTCHEON,

    Plaintiff and Counter-Defendant,   Adversary No. 25-1002-j

v.

DAWN DAVIDE,

    Defendant and Counter-Plaintiff.

## MEMORANDUM OPINION REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

THIS MATTER is before the Court on a motion for summary judgment (the "Summary Judgment Motion" – AP Doc. 19),[1] filed by plaintiff Brian McCutcheon, *pro se*. The Summary Judgment Motion seeks summary judgment against debtor-defendant Dawn Davide with respect to non-dischargeability of debt in bankruptcy. Mr. McCutcheon asserts that debt owed by Ms. Davide to himself is non-dischargeable under § 523(a)(2)(A), (a)(4), and (a)(6),[2] primarily on the basis of a state court order which Mr. McCutcheon argues is entitled to preclusive effect.

Mr. McCutcheon alleges that he entered into a written contract with Ms. Davide's company for the removal and replacement of the roof and siding on Mr. McCutcheon's home; paid approximately $47,000 for the construction work and for materials; that no work was

---

[1] References to "Doc. __" are to the docket in the bankruptcy case, Case No. 24-11223-j7. References to "AP Doc. __" are to the docket in this adversary proceeding, Adv. Proc. No. 25-1002-j.

[2] References to "section" or "§" are to title 11 of the United States Code.

performed on the home and no materials were purchased; and that Ms. Davide made fraudulent representations, committed actual fraud, breached fiduciary duties, committed larceny or embezzlement, and caused willful and malicious injury to Mr. McCutcheon.

Ms. Davide filed a response in opposition to the Summary Judgment Motion (the "Response" – AP Doc. 21),[3] and Mr. McCutcheon filed a reply (AP Doc. 22). After consideration of the Summary Judgment Motion, the evidence submitted in support of the motion, the Response, and the reply, the Court will deny the Summary Judgment Motion.

The State Court Order (as defined below) awarded damages, fees, and costs under New Mexico's Unfair Practices Act against Ms. Davide and her company and in favor of Mr. McCutcheon. However, the order made no findings or conclusions of fraud that would lead to non-dischargeability under § 523(a)(2)(A), nor did it make any findings or conclusions that would lead non-dischargeability under § 523(a)(4) or (a)(6).

## I.     SUMMARY JUDGMENT STANDARDS

Summary judgment will be granted when the movant demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a).[4] The "party seeking summary judgment always bears the initial responsibility of informing the . . . court of the basis for its motion, and . . . demonstrat[ing] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also Bacchus Indus., Inc. v. Arvin Indus., Inc.,* 939 F.2d 887, 891 (10th Cir. 1991) ("The moving party has the initial burden to show that there is an absence of evidence to support the nonmoving party's case.") (internal quotation marks omitted).

---

[3] Ms. Davide filed an amended response (Doc. 24) to correct what appears to have been a clerical error in paragraph 3 of her response.

[4] Fed. R. Civ. P. 56 applies in bankruptcy adversary proceedings per Fed. R. Bankr. P. 7056.

Only if the properly supported material facts entitle the requesting party to judgment as a matter of law is it appropriate for the court to grant summary judgment. *Celotex*, 477 U.S. at 322. In moving for summary judgment, the party "must support the assertion" that "a fact cannot be . . . genuinely disputed" by: (1) "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" or (2) "showing that the materials cited [by the opposing party] do not establish the . . . presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1).

The court's role is not to weigh the evidence, but to assess the threshold issue of whether a genuine issue exists as to material facts requiring a trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). A dispute is "genuine" where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. A fact is "material" if it "might affect the outcome of the suit under the governing law." *Id.* In considering a motion for summary judgment, the court must resolve all reasonable inferences and doubts in favor of the non-moving party and construe all evidence in the light most favorable to the non-moving party. *See Hunt v. Cromartie,* 526 U.S. 541, 552 (1999); *Genberg v. Porter*, 882 F.3d 1249, 1253 (10th Cir. 2018). Where a rational trier of fact, considering the record as a whole, could not find for the non-moving party, there is no genuine issue for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). Thus, summary judgment is appropriate "if the evidence points only one way and no reasonable inferences could support the non-moving party's position." *Genberg*, 882 F.3d at 1253.

With respect to the burden of proof, "[e]xceptions to discharge are to be narrowly construed," and "the objector to discharge has the burden of proving by a preponderance of the

3

evidence that a debt is not dischargeable." *Miller v. Gentry (In re Miller)*, 55 F.3d 1487, 1489 (10th Cir. 1995) (internal quotation marks omitted); *see also Grogan v. Garner*, 498 U.S. 279, 291 (1991) ("[T]he standard of proof for the dischargeability exceptions in 11 U.S.C. § 523(a) is the ordinary preponderance-of-the-evidence standard."); *Sw. Fin. of Alamogordo, Inc. v. Valdez (In re Valdez)*, No. 05-1043, 2007 WL 1160357, at *3 (Bankr. D.N.M. Apr. 17, 2007) ("Exceptions to discharge are construed narrowly, and the burden of proving that a debt falls within a statutory exception is on the party opposing discharge.").

A plaintiff bears the burden of proof on each element of a non-dischargeability claim, and moving for summary judgment, "must show that there is no genuine dispute of material fact as to each necessary element, so that they are entitled to judgment as a matter of law on each element of the [non-dischargeability] claim." *Blake v. Fusco (In re Fusco)*, 641 B.R. 438, 457 (Bankr. E.D.N.Y. 2022) (applying the standard in the context of a § 523(a)(19) claim); *see also Cabrera v. Larranaga (In re Larranaga)*, No. 09–1158, 2011 WL 1344562, at *2 (Bankr. D.N.M. Apr. 8, 2011) (providing that the creditor bears the burden of proof as to each element of a non-dischargeability claim under § 523(a)(2)(A)).

## II.  PROCEDURAL BACKGROUND

Ms. Davide filed her bankruptcy case on November 18, 2024. Ms. Davide's Schedule E/F lists judgment debt owed to Mr. McCutcheon in the amount of $87,268.40.

On January 14, 2025, Mr. McCutcheon filed a complaint objecting to discharge and dischargeability of debts initiating this adversary proceeding, Adv. Proc. No. 25-1002-j. On June 5, 2025, he filed an amended complaint removing the objection to discharge (Doc. 18) and then filed the Summary Judgment Motion on his remaining claims for non-dischargeability. Mr. McCutcheon set forth a statement of eleven undisputed material facts (the "Asserted

4

Facts"),[5] and attached Exhibits A-F in support of the Asserted Facts. Exhibit C purports to be a copy of a state court order entitled *Final Order on Plaintiff's Application for Fees, Costs, and Damages* and issued July 7, 2023 by the Second Judicial District Court of New Mexico (the "State Court Order").

Ms. Davide filed her Response on June 26, 2025, opposing summary judgment. In the Response (as amended), Ms. Davide agreed that Asserted Facts 1 and 2 are undisputed, and she disputed all other Asserted Facts. She argues that the State Court Order is not entitled to preclusive effect and opposes summary judgment.

### III. FACTUAL BACKGROUND[6]

#### a. Facts Not Subject to Genuine Dispute

For purposes of this decision, the Court finds the following facts are not subject to genuine dispute. On October 2, 2019, Mr. McCutcheon entered into a written contract with Homes by Dawn Davide, Inc., a company owned and operated by Ms. Davide, to remove and replace the roof and siding on Mr. McCutcheon's residence in Tijeras, New Mexico (the "Contract"). The Contract totaled $83,623.00. On December 2, 2019, Mr. McCutcheon paid $47,360.89 to Ms. Davide by check, which was deposited into Ms. Davide's company account.

---

[5] In the body of the Summary Judgment Motion, there is a statement of undisputed material facts with 7 items. However, the first attachment to the Summary Judgment Motion is another statement of material facts with 11 items, with the first 7 being substantially similar to the 7 in the body of the Summary Judgment Motion. The Response by Ms. Davide addresses all 11 items, and the Court considers all 11 of Mr. McCutcheon's asserted facts.

[6] The Court takes judicial notice of the docket and claims register, and the documents therein, in the main bankruptcy case (Case No. 24-11223-j7), as well as the docket and documents on the docket in this adversary proceeding (Adv. Proc. No. 25-1002-j). *See* Fed. R. Evid. 201(b)(2) and (c); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (holding that a court may *sua sponte* take judicial notice of its own docket), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946 (10th Cir. 2001); *LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.)*, 196 F.3d 1, 8 (1st Cir. 1999) ("[T]he bankruptcy court appropriately took judicial notice of its own docket[.]").

### b. The Remaining Asserted Facts

The Court determines that the remaining Asserted Facts 3-11 are either not material to Mr. McCutcheon's non-dischargeability claims, legal conclusions, or the admissibility of the supporting evidence is in dispute.[7]

Asserted Facts 7, 8, and 9 relate to failure to disclose certain business interests in connection with Ms. Davide's bankruptcy case. These alleged facts are not material to Mr. McCutcheon's claims that debt owed to him by Ms. Davide is non-dischargeable under § 523(a)(2), (4), and (6).

Asserted Facts 10 and 11 are legal conclusions, not factual issues.

---

[7] Asserted Fact 3: Ms. Davide represented that work would commence upon favorable weather, and that all permits and oversight would be handled. These representations were false.

Asserted Fact 4: Ms. Davide paid $41,360.89 to a third party, Troy Romero, with no corresponding work performed. She retained the remaining $6,000. No materials were purchased and no work was ever initiated on Mr. McCutcheon's property.

Asserted Fact 5: Mr. McCutcheon attempted to recover his funds in February and March 2020. Ms. Davide repeatedly promised to return the funds but failed to do so.

Asserted Fact 6: On November 21, 2022, the Second Judicial District Court of New Mexico granted summary judgment in favor of Mr. McCutcheon, finding that Ms. Davide committed fraud, conversion, and violations of the Unfair Trade Practices Act. The judgment awarded Mr. McCutcheon $87,268.40.

Asserted Fact 7: Ms. Davide filed a voluntary petition for Chapter 7 bankruptcy on January 5, 2025. In her original Schedule A/B, she attested under penalty of perjury that she held no ownership interest in any business other than "Homes by Dawn Davide."

Asserted Fact 8: Ms. Davide omitted that she formed a new business, Dimora Construction, in December 2023 with business partner Sean McClain (New Mexico Business License #414624), more than a year before filing bankruptcy.

Asserted Fact 9: Ms. Davide only amended her bankruptcy schedules to disclose Dimora Construction after Mr. McCutcheon filed this adversary proceeding on January 13, 2025. The amended Schedule A/B was filed on January 17, 2025.

Asserted Fact 10: The issues of fraud, false pretenses, and conversion were fully litigated in state court. The judgment is final and binding. The parties were cast as adversaries, and the findings were essential to the final judgment.

Asserted Fact 11: Ms. Davide's conduct constitutes fraud, embezzlement, and willful and malicious injury, as set forth in 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6).

Asserted Facts 3-6 are allegations relating to the Contract and the State Court Order. Ms. Davide argues that the evidence submitted in support of Allegations 3-6 is not admissible evidence, including the State Court Order. The Court agrees that such evidence is currently not in admissible form—for example, the State Court Order would need to be a certified copy or authenticated by an attorney from the state court case. However, Ms. Davide does not argue that the evidence "*cannot* be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2) (emphasis added).[8] The Court need not address the question of the admissibility of Mr. McCutcheon's evidence, because even if the State Court Order and other evidence were in admissible form or Mr. McCutcheon explained the admissible form that is anticipated, the Summary Judgment Motion would still fail as discussed below.

---

[8] *Compare Bird v. W. Valley City*, 832 F.3d 1188, 1194 n.1 (10th Cir. 2016) (considering evidence on summary judgment that was arguably hearsay where no objection was raised) *with Barnes v. Omnicell*, No. 23-1336, 2024 WL 2744761, at *2-3 (10th Cir. May 28, 2024) ("We can consider only admissible evidence in reviewing an order granting summary judgment.") (internal quotation marks omitted); *see also Cortez v. Stubbs*, No. 24-2714, 2025 WL 1588735, at *1 (9th Cir. June 5, 2025) (explaining that the 2010 amendment to Fed. R. Civ. P. 56 changed the standard for supporting evidence and reversing district court where it excluded supporting evidence as inadmissible due to not being authenticated); *People Source Staffing Pros., L.L.C. v. Robertson*, No. 21-30368, 2022 WL 3657186, at *1 (5th Cir. Aug. 25, 2022) ("Upon objection, '[t]he burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated.'" (quoting Fed. R. Civ. P. 56(c) advisory committee's note to 2010 amendment)); *Patel v. Texas Tech Univ.*, 941 F.3d 743, 746-47 (5th Cir. 2019) (explaining that the 2010 amendment to Fed. R. Civ. P. 56 changed the standard for supporting evidence and holding that district court should have considered whether evidence was "capable of being presented in a form that would be admissible in evidence") (internal quotation marks omitted); *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 538-39 (4th Cir. 2015), *as amended* (June 24, 2015) (ruling that hearsay evidence could be considered on summary judgment where party explained the admissible form that is anticipated); *First Nat'l Bank of Oneida, N.A. v. Brandt*, 851 F. App'x 904, 908-09 (11th Cir. 2021) (unpublished) (holding that it was "not clear" if the district court "completed its analysis by asking whether [the evidence] *could* be offered in an admissible form") (emphasis added); *Gonzales v. Saul Ewing, LLP (In re Vaughan)*, 471 B.R. 263, 270 (Bankr. D.N.M. 2012) ("Significantly, the objection contemplated by the amended Rule is not that the material 'has not' been submitted in admissible form, but that it 'cannot' be." (quoting *Foreword Magazine, Inc. v. OverDrive, Inc.*, No. 10-cv-1144, 2011 WL 5169384, at *2 (W.D. Mich. 2011))).

The Court also notes that Mr. McCutcheon references an "affidavit,"[9] but no affidavit was attached to the Summary Judgment Motion. While both the Summary Judgment Motion and the attached statement of undisputed material facts are signed by Mr. McCutcheon, there is no attestation under oath to any facts.

IV. **DISCUSSION**

The Court will deny the Summary Judgment Motion because the facts not in genuine dispute do not establish a basis for non-dischargeability under § 523(a)(2)(A), (a)(4), or (a)(6). Mr. McCutcheon argues that the State Court Order is entitled to preclusive effect and establishes the necessary elements of each of the above non-dischargeability provisions. The Court disagrees—even assuming the State Court Order is entitled to preclusive effect (in this case, issue preclusive effect)[10] and could be presented in admissible form, the State Court Order would not establish the necessary elements for any of Mr. McCutcheon's claims. The State Court Order

---

[9] Doc. 19 at p. 4, ¶ 5.

[10] Mr. McCutcheon asserted that the State Court Order has "preclusive effect." There are two types of preclusive effect: claim preclusive effect and issue preclusive effect. Claim preclusion does not apply to Mr. McCutcheon's request for a non-dischargeability claim.

With respect to claim preclusion, "[u]nder New Mexico law, 'there are four requisite elements for res judicata [claim preclusion]: (1) the same party or parties in privity; (2) the identity of capacity or character of persons for or against whom the claim is made; (3) the same subject matter; and (4) the same cause of action in both suits.'" *Pidcock v. McCune (In re McCune)*, No. 21-1013, 2023 WL 2879278, at *6 (Bankr. D.N.M. Apr. 10, 2023) (quoting *Strickland v. City of Albuquerque*, 130 F.3d 1408, 1411 (10th Cir. 1997) (citing *Myers v. Olson*, 1984-NMSC-015, ¶ 9, 100 N.M. 745, 747, 676 P.2d 822, 824)).

"[C]laim preclusion does not apply to non-dischargeability claims asserted in bankruptcy cases because nondischargeability claims can only be asserted in connection with a bankruptcy case; consequently, the 'same claim' requirement for application of claim preclusion cannot be satisfied." *McCune*, 2023 WL 2879278, at *7 (quoting *In re Lopez*, No. 21-10836, 2022 WL 1160607, at *3 (Bankr. D.N.M. Apr. 19, 2022)); *see also Brown v. Felsen*, 442 U.S. 127, 133-39 (1979) (holding that whether a debt is excepted from discharge is a matter within the exclusive jurisdiction of the bankruptcy court and could not have been raised in the state court action, so claim preclusion did not apply to bar subsequent litigation of dischargeability claim).

holds that Ms. Davide and her company are subject to the New Mexico Unfair Practices Act[11] ("NMUPA"),[12] but a violation of the NMUPA does not rise to the level of § 523(a)(2)(A), (a)(4), or (a)(6).

    a. **Issue Preclusion**

Even if the State Court Order has issue preclusive effect, it does not establish the elements of the non-dischargeability claims before the Court, but it is not clear that the State Court Order is entitled to issue preclusive effect. "Issue preclusion . . . prevents a party who lost on an issue decided in a prior lawsuit from relitigating the same issue in a subsequent suit." *Rael v. Gonzales (In re Gonzales)*, 667 B.R. 357, 367 (Bankr. D.N.M. 2025) (citing *Melnor, Inc. v. Corey (In re Corey)*, 583 F.3d 1249, 1251 (10th Cir. 2009)). "Issue preclusion may be invoked to bar relitigation of issues of fact determined in a prior state court action resulting in a final judgment to establish the non-dischargeability of a particular debt in a subsequent bankruptcy case." *Gonzales*, 667 B.R. at 367 (citing *Klemens v. Wallace (In re Wallace)*, 840 F.2d 762, 764 (10th Cir. 1988)). "To determine the preclusive effect of a state court judgment, the bankruptcy court applies the law of the state in which the judgment was rendered." *Brookhouser v. Bostick (In re Bostick)*, No. 23-1006, 2024 WL 2947602, at *6 (Bankr. D.N.M. June 11, 2024) (citing *Sanders v. Crespin (In re Crespin)*, 551 B.R. 886, 895 (Bankr. D.N.M. 2016)). "In bankruptcy court, the general rule is that the court 'must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was

---

[11] The State Court Order provides that Dawn Davide; Homes by Dawn Davide, Inc.; and Dawn Davide dba Homes by Dawn Davide, Inc. are "subject to Section 57-12-10(B) of the Unfair Trade Practices Act." ¶ 1.
[12] The New Mexico Unfair Practices Act is NMSA 1978, §§ 57-12-1 to 26.

9

rendered.'" *Crespin*, 551 B.R. at 895 (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)).

First, the Court examines whether the State Court Order is a final judgment for issue preclusion purposes. Collateral estoppel applies only where there has been a final judgment. *Reeves v. Wimberly*, 1988-NMCA-038, ¶ 8, 107 N.M. 231, 233, 755 P.2d 75, 77; *see also Morgan v. Mladek (In re Mladek)*, No. 17-1047, 2019 WL 2179715, at *4-5 (Bankr. D.N.M. May 17, 2019) (declining to give a partial summary judgment issue preclusive effect because, among other reasons, it was not a final judgment). Generally, a final judgment must adjudicate all claims in the action. *See Bostick*, 2024 WL 2947602, at *2 (explaining that original judgment was not a final judgment for preclusive effect purposes because it did not adjudicate all claims). Here, the State Court Order does not indicate whether it adjudicates all claims in the proceeding, and this Court does not have a copy of the complaint in the state court action to determine whether all claims were adjudicated. Therefore, the Court does not have sufficient information to determine whether the State Court Order is a final judgment.

Under New Mexico law, issue preclusion further requires the following: "first, the parties in the second suit must be the same or in privity with the parties in the first suit; second, the causes of action must be different; third, the issue or fact must have been actually litigated in the first case; and fourth, the issue must have been necessarily determined in that case." *Pidcock v. McCune (In re McCune)*, No. 21-1013, 2023 WL 2879278, at *7 (Bankr. D.N.M. Apr. 10, 2023) (quoting *In re Lopez*, No. 21-10836, 2022 WL 1160607, at *2 (Bankr. D.N.M. Apr. 19, 2022) (quoting *Blea v. Sandoval*, 1988-NMCA-036, ¶ 18, 107 N.M. 554, 559, 761 P.2d 432, 437)). In this case, (1) the parties to this adversary proceeding were both parties in the state court action; (2) the NMUPA claim decided in the State Court Order is a different cause of action that

the non-dischargeability claims in this adversary proceeding; (3) the State Court Order indicates that a hearing was held and argument was heard, so the issues decided in the order were actually litigated, and (4) because the State Court Order only decides one claim (the NMUPA violation), it appears the issue was necessarily determined. Therefore, all the requirements for issue preclusion appear to be met, with the exception that it is unclear whether the State Court Order is a final judgment. However, even assuming the State Court Order is a final judgment and entitled to issue preclusive effect, the State Court Order would not establish the necessary elements for any of Mr. McCutcheon's non-dischargeability claims.

### b. Non-Dischargeability Under § 523(a)(2)(A)

Under § 523(a)(2)(A), debts "for money, property, [or] services . . . to the extent obtained by . . . false pretenses, a false representation, or actual fraud" are non-dischargeable. Generally, to prevail on a non-dischargeability claim under § 523(a)(2)(A) based on a false representation or false pretense, a plaintiff must establish the following elements by a preponderance of the evidence:[13]

   i. the debtor made a false representation;
   ii. the debtor made the representation with the intent to deceive the creditor;
   iii. the creditor relied on the representation;
   iv. the creditor's reliance was [justifiable];[14] and

---

[13] See *Grogan v. Garner*, 498 U.S. 279, 287 (1991) (establishing preponderance of the evidence standard for nondischargeability claims).

[14] *Field v. Mans*, 516 U.S. 59, 74-75 (1995) (holding that the standard of reliance is "justifiable, but not reasonable, reliance"); *Johnson v. Riebesell (In re Riebesell)*, 586 F.3d 782, 791 (10th Cir. 2009) ("[T]he inquiry is whether the actual creditor's reliance was 'justifiable' from a subjective standpoint.").

v. the debtor's representation caused the creator to sustain a loss.

*Fowler Bros. v. Young (In re Young)*, 91 F.3d 1367, 1373 (10th Cir. 1996).[15, 16]

False representations within the meaning of § 523(a)(2)(A) are express misrepresentations. *Bank of Cordell v. Sturgeon (In re Sturgeon)*, 496 B.R. 215, 223 (10th Cir. BAP 2013). In contrast, "[f]alse pretenses under Section 523(a)(2)(A) are implied misrepresentations intended to create and foster a false impression." *Id.* False pretenses include material omissions,[17] and "can be 'defined as any series of events, when considered collectively, that create a contrived and misleading understanding of a transaction, in which a creditor is wrongfully induced to extend money or property to the debtor.'" *Id.* (quoting *Stevens v. Antonious (In re Antonious)*, 358 B.R. 172, 182 (Bankr. E.D. Pa. 2006)). A debtor's intent to deceive the creditor may be inferred by the court based on the totality of the circumstances. *Sturgeon*, 496 B.R. at 222 (citing *Copper v. Lemke (In re Lemke)*, 423 B.R. 917, 922 (10th Cir. BAP 2010)); *Bostick*, 2024 WL 2947602, at *8.

In this case, the facts not subject to genuine dispute establish none of the elements of a non-dischargeability claim under § 523(a)(2)(A). Entry into a contract and payment on that

---

[15] The *Young* formulation of the non-dischargeability elements under § 523(a)(2)(A) applies to nondischargeability claims based on false pretenses and affirmative misrepresentations, including inducement-based actual fraud claims. However, claims for actual fraud that are not inducement-based do not require the creditor to prove reliance. *Husky Int'l Elecs., Inc. v. Ritz*, 578 U.S. 355, 365-66 (2016).

[16] A different test applies in circumstances involving an innocent debtor's non-dischargeable liability for a fraud perpetrated by a third party. The Court includes this limitation in light of *Bartenwerfer v. Buckley*, 598 U.S. 69 (2023), which holds that in certain circumstances a debt may be nondischargeable under § 523(a)(2)(A) as to an innocent debtor.

[17] *See Gross v. Osborne (In re Osborne)*, 520 B.R. 861, 869 (Bankr. D.N.M. 2014) ("A debtor's failure to disclose material facts is actionable as a false representation or false pretense under § 523(a)(2)(A)."); *The William W. Barney, M.D. P.C. Retirement Fund v. Perkins (In re Perkins)*, 298 B.R. 778, 788 (Bankr. D. Utah 2003) ("A false pretense as used in § 523(a)(2)(A) includes material omissions, and means 'implied misrepresentations or conduct intended to create and foster a false impression.'") (quoting *Peterson v. Bozzano (In re Bozzano)*, 173 B.R. 990, 993 (Bankr. M.D.N.C. 1994), *abrogated on other grounds by Cohen v. de la Cruz*, 523 U.S. 213 (1998)).

contract do not involve any false representation, intent to deceive, justifiable reliance on the representation, or loss by the creditor.

Further, even if it were admissible and entitled to issue preclusive effect, the State Court Order would not establish non-dischargeability under § 523(a)(2)(A) because the elements necessary to sustain a claim for violation of the NMUPA are not identical to the elements necessary to establish non-dischargeability under § 523(a)(2)(A). Violation of the NMUPA requires proof of "a false or misleading oral or written statement, visual description or other representation of any kind knowingly made in connection with the sale, lease, rental or loan of goods or services or in the extension of credit or in the collection of debts by a person in the regular course of the person's trade or commerce, that may, tends to or does deceive or mislead any person." NMSA 1978, § 57-12-2(D).[18]

To constitute a violation of the NMUPA, a person must have knowingly made the false or misleading statement, but there is no statutory requirement that the person have specific intent to deceive the creditor. In addition, a claimant "need not allege or prove that [he or] she relied on [d]efendant's purported deceptive conduct in order to recover" under the NMUPA. *Smoot v. Physicians Life Ins. Co.*, 2004-NMCA-027, ¶ 21, 135 N.M. 265, 271, 87 P.3d 545, 551. Thus, a successful claim for violation of the NMUPA does not necessarily establish that the resulting debt is nondischargeable under § 523(a)(2)(A) because two of the four elements necessary to sustain a claim under § 523(a)(2)(A), namely, proof of defendant's intent to deceive the plaintiff, and proof of plaintiff's justifiable reliance, are not required elements to prove a claim under the

---

[18] *See also Lohman v. Daimler-Chrysler Corp.*, 2007-NMCA-100, ¶ 5, 142 N.M. 437, 439, 166 P.3d 1091, 1093 (providing that a claim under the NMUPA requires proof that "(1) the defendant made an oral or written statement, a visual description or a representation of any kind that was either false or misleading; (2) the false or misleading representation was knowingly made in connection with the sale, lease, rental, or loan of goods or services in the regular course of the defendant's business; and (3) the representation was of the type that may, tends to, or does deceive or mislead any person").

13

Case 25-01002-j    Doc 25    Filed 10/07/25    Entered 10/07/25 11:43:50 Page 13 of 18

NMUPA.

### c. Non-Dischargeability Under § 523(a)(4)

Under § 523(a)(4), debts "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny" are non-dischargeable. Mr. McCutcheon asserts that embezzlement or larceny has occurred. Embezzlement and larceny are separate grounds under § 523(a)(4) for which no fiduciary capacity is required. *Cody Farms, Inc. v. Deerman (In re Deerman)*, 482 B.R. 344, 373 (Bankr. D.N.M. 2012) (citing *Bryant v. Lynch (In re Lynch)*, 315 B.R. 173, 175 (Bankr. D. Colo. 2004) (citing *Klemens v. Wallace (In re Wallace)*, 840 F.2d 762, 765 (10th Cir. 1988))).

Embezzlement, for purposes of non-dischargeability under § 523(a)(4), is defined as "the fraudulent appropriation of property by a person to whom such property has been entrusted or into whose hands it has lawfully come." *Wallace*, 840 F.2d at 765 (internal quotation marks omitted).[19] "Larceny is defined as the fraudulent and wrongful taking and carrying away of property of another with intent to convert it to the taker's use and with intent to permanently deprive the owner of such property." *Deerman*, 482 B.R. at 373-74 (quoting *Hernandez v. Dorado (In re Dorado)*, 400 B.R. 304, 309 (Bankr. D.N.M. 2008)). "Larceny differs from embezzlement in that larceny 'requires that the funds originally come into the [d]ebtor's hands unlawfully,' whereas with embezzlement, the debtor initially acquires the property lawfully." *Deerman*, 482 B.R. at 374 (quoting *Dorado*, 400 B.R. at 310). Both larceny and embezzlement

---

[19] *See also Hill v. Putvin (In re Putvin)*, 332 B.R. 619, 627 (10th Cir. BAP 2005) ("Under 523(a)(4) embezzlement will have occurred when there is a fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come, and it requires fraud in fact, involving moral turpitude, or intentional wrong, rather than implied or constructive fraud." (internal quotation marks omitted)); *Marks v. Hentges (In re Hentges)*, 373 B.R. 709, 723 (Bankr. N.D. Okla. 2007) ("[E]mbezzlement requires proof of a defalcation or misappropriation of property by one to whom it is entrusted, plus proof of fraudulent intent.").

14

require that the debtor act with fraudulent intent.[20]

In this case, larceny is not established because despite asserting that larceny occurred, there is no allegation that funds came into Ms. Davide's hands unlawfully. Indeed, payment was apparently made pursuant to the Contract between the parties.

Regarding embezzlement, in order to demonstrate that the debtor fraudulently appropriated property for purposes of establishing embezzlement under § 523(a)(4), the plaintiff must show that the debtor appropriated the property for a use other than that for which it was entrusted or that the debtor was not lawfully entitled to use the funds for the purposes for which they were in fact used, and the circumstances indicate fraud.[21] In this case, the facts not subject to genuine dispute do not establish embezzlement. Entry into a contract and payment on that contract do not involve the fraudulent appropriation of property.

Further, even if the State Court Order were admissible and entitled to issue preclusive effect, the State Court Order's holding regarding violation of the NMUPA does not involve any findings of fact or conclusions of law regarding fraudulent appropriation of property, or indeed

---

[20] *See Bombardier Capital, Inc. v. Tinkler (In re Tinkler)*, 311 B.R. 869, 876 (Bankr. D. Colo. 2004) ("Larceny is proven for § 523(a)(4) purposes if the debtor has wrongfully and with fraudulent intent taken property from its owner." (quoting *Kaye v. Rose (In re Rose)*, 934 F.2d 901, 903 (7th Cir. 1991))); *Bryant v. Tilley (In re Tilley),* 286 B.R. 782, 789 (Bankr. D. Colo. 2002) (among the required elements for embezzlement is fraudulent intent); *Sullivan v. Clayton (In re Clayton)*, 198 B.R. 878, 885 (Bankr. E.D. Pa. 1996) ("Essential to both larceny and embezzlement is the element of fraudulent intent.") (citing *Cherken v. Graham (In re Graham)*, 194 B.R. 369, 374 (Bankr. E.D. Pa. 1996) and *Rolley v. Spector (In re Spector)*, 133 B.R. 733, 741 (Bankr. E.D. Pa. 1991)).

[21] *See, e.g., Bd. of Trustees of the Ohio Carpenters' Pension Fund v. Bucci (In re Bucci)*, 493 F.3d 635, 644 (6th Cir. 2007) ("A creditor proves embezzlement by showing that he entrusted his property to the debtor, the debtor appropriated the property for a use other than that for which it was entrusted, and the circumstances indicate fraud." (quoting *Brady v. McAllister (In re Brady)*, 101 F.3d 1165, 1173 (6th Cir. 1996))); *Belfry v. Cardozo (In re Belfry)*, 862 F.2d 661, 662 (8th Cir. 1988) ("A plaintiff must establish that the debtor was not lawfully entitled to use the funds for the purposes for which they were in fact used."); *Kruse v. Murray (In re Murray)*, 408 B.R. 268, 275 (Bankr. D. Mo. 2009) (providing that in order to establish a claim for embezzlement, the plaintiff must demonstrate that "the debtor was not lawfully entitled to use the funds for the purposes for which they were in fact used").

15

any use of property at all. Again, violation of the NMUPA requires proof of "a false or misleading oral or written statement, visual description or other representation of any kind knowingly made in connection with the sale, lease, rental or loan of goods or services or in the extension of credit or in the collection of debts by a person in the regular course of the person's trade or commerce, that may, tends to or does deceive or mislead any person." NMSA 1978, § 57-12-2(D). There is no requirement that fraudulent appropriation of property be proven to establish a violation of the NMUPA, and the State Court Order makes no separate findings or conclusions regarding fraudulent appropriation of property. Thus, the State Court Order does not establish the elements of embezzlement. *See N.M. Steel Co. v. Puritan-Bennett Corp.*, No. CV 97-1169, 2000 WL 36739854, at *3 (D.N.M. Jan. 4, 2000) (explaining that defendant's conduct appears to violate the NMUPA but expressing "grave doubts" that it would be considered embezzlement).

### d. Non-Dischargeability Under § 523(a)(6)

Under § 523(a)(6), debts for "for willful and malicious injury by the debtor to another entity or to the property of another entity" are non-dischargeable. Non-dischargeability under § 523(a)(6) requires proof that the injury is both willful and malicious. *Rael v. Gonzales (In re Gonzales)*, 667 B.R. 357, 371 (Bankr. D.N.M. 2025) (citing *Panalis v. Moore (In re Moore)*, 357 F.3d 1125, 1129 (10th Cir. 2004)). "For an injury to be willful, there must be a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." *Glencove Holdings, LLC v. Bloom (In re Bloom)*, 634 B.R. 559, 597 (10th Cir. BAP 2021). In other words, the debtor must "intend 'the *consequences* of an act,' not simply 'the act itself'"—an intentional act that results in injury is not sufficient. *Kawaauhau v. Geiger*, 523 U.S. 57, 61-62 (1998) (emphasis in original) (quoting Restatement (Second) of Torts § 8A, Comment a, p. 15 (1964));

*see also Hiner v. Koukhtiev (In re Koukhtiev)*, 576 B.R. 107, 122 (Bankr. S.D. Tex. 2017) (providing that § 523(a)(6) "excludes intentional acts that merely happen to cause injury"). Proof that the debtor intended harm may be shown where the debtor either "desire[s] to cause the consequences of his act or believe[s] that the consequences are substantially certain to result from it." *Moore*, 357 F.3d at 1129 (internal quotation marks and citation omitted).

A willful injury is "malicious" when it is undertaken "without justification or excuse."[22] "To determine whether an injury is malicious, the court must review all the surrounding circumstances, including any justification or excuse offered by the debtor[.]" *Bloom*, 634 B.R. at 597.

In this case, the facts not subject to genuine dispute establish none of the elements of a non-dischargeability claim under § 523(a)(6). Entry into a contract and payment on that contract do not involve a deliberate or intentional injury.

Further, even if it were admissible and entitled to issue preclusive effect, the State Court Order would not establish non-dischargeability under § 523(a)(6) because the elements necessary to sustain a claim for violation of the NMUPA are not identical to the elements necessary to establish non-dischargeability under § 523(a)(6). As discussed above, to constitute a violation of the NMUPA, a person must have knowingly made a false or misleading statement, but there is no statutory requirement that the person intended harm, *i.e.*, no requirement that the person intended the consequences of that act and not simply the act itself (which would be willful). Further, in proving an NMUPA violation, there is no statutory requirement that the action was

---

[22] *Maxfield v. Jennings (In re Jennings)*, 670 F.3d 1329, 1334 (11th Cir. 2012) (malicious means "wrongful and without just cause or [excuse], even in the absence of personal hatred, spite, or ill-will") (internal quotation marks and citation omitted); *Ball v. A.O. Smith Corp.*, 451 F.3d 66, 69 (2d Cir. 2006) (same); *Am. First Credit Union v. Gagle (In re Gagle)*, 230 B.R. 174, 181 (Bankr. D. Utah 1999) ("In order for an act to be willful and malicious it must be a deliberate or intentional injury (willful) that is performed without justification or excuse (malicious).").

taken without justification or excuse (which would be malicious). Thus, a successful claim for violation of the NMUPA does not necessarily establish that the resulting debt is nondischargeable under § 523(a)(6) because it does not establish the elements of willfulness or maliciousness.

The court may, in its discretion, give a party an additional opportunity to support an assertion of fact. *See* Fed. R. Civ. P. 56(e). In this case, the Court will not give Mr. McCutcheon such an opportunity, because even if the State Court Order were submitted in admissible form, it does not provide a basis for granting summary judgment.

## V. CONCLUSION

For the reasons set forth in this Memorandum Opinion, the Court will enter an order denying the Summary Judgment Motion without prejudice.

*[signature]*
_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: October 7, 2025

COPY TO:

Plaintiff and Counter-Defendant
Brian McCutcheon, *pro se*
23 Amy Ct.
Tijeras, NM 87059

Attorney for Defendant
and Counter-Plaintiff
Jason Michael Cline
Jason Cline, LLC
*Electronic notice via CM/ECF*